The opinion of the court was delivered by
Williams, Ch. J.
The indictment sets forth, that on the 29th day of October, 1829, an order was made by the road commissioners for the county of Windham, that a bridge should be located and established in the town of Whitingham, across Deerfield River;— that the town should make it in one year; — that an appeal was ta,ken from this order by the town — a committee appointed by the county court, in pursuance of the statute, who affirmed the order of the commissioners, and that the town have neglected to make the bridge, agreeably to th.e order.
To this indictment there is a demurrer. It is objected to the indictment, that if the town is liable to a proceeding of this kind, yet that the indictment does not set forth sufficient matter — as it is not alleged that the selectmen had refused or neglected to build a bridge, and further, that no existing order upon the town is se't forth, inasmuch as it is contended, that the order made by the commissioners was vacated by the appeal, and no order was afterwards made.
Upon the first of these exceptions, it is sufficient to remark, that the commissioners had, by the statute then in force, general jurisdiction over the subject of roads and bridges. If they' proceeded *396 irregularly, or in a case where there had been no neglect or refusal by the selectmen, their proceedings were subject to be quashed on eertiorari. That in an indictment against a town for not complying with an order made by the commissioners, it is not necessary to aver the neglect or refusal of the selectmen; but from the commissioners’ having this general jurisdiction, it is to be presumed, that the selectmen had so far neglected, as to render their action necessary.
Ota the second objection, it is to be observed, that an appeal does not so far vacate an order of the commissioners, as to render a new order, by the committe, appointed by the county court, necessary. The .original order of the commissioners must contain all the directions necessary to effect the object; and this order is to be affirmed or reversed in toto by the committee. The committee could make no new order, nor add to, or alter the one made by the commissioners. On the most material question, whether an indictment can be maintained in such a case, it is to be remembered, that the general principle applicable to this subject, which we find, is this: that dispbedienc.e to an order of sessions, (who in England regulates the subjects of highways as well as others) is an offence indictable at common law. Where the court of sessions, or any other tribunal, are empowered to impose a duty on any corporation or individual, which affects or interests the public, a neglect to perform that duty, subjects those neglecting, to an indictment.
In Rex vs. Davis, mentioned in 2 Bur. 803, it was said, where two justieps yrerp .erppowpred to remove a pauper to the place of his last settlement, but no provision was made by the act to punish the officer who should refuse to receive the pauper, the only remedy was at common law, to indict him.
In Rex vs. Robinson, 2 Bur. 799, where an order was made up-qn a man for keeping and maintaining his ’grand-children, and he refused to obey the order, it was held that an indictment lay, notwithstanding there was a particular penalty, and a summary way to enforce it
In Rex vs. Royall, 2 Bur. 832, an indictment was sustained against the defpndapt, for not sending a cart and men to labor on the highway, in pursuance of an order of the surveyor of the highways- All these were indictments at common law, and sufficiently show that this is the proper and appropriate remedy tp enforce obedience to an order of sessions, in relation to a public duty or bur-ijiem The question then will arise, whether the order set forth in (this indictment is of that character, that a town neglecting to obey *397 it, is liable to indictment at common law. That the order is by a competent tribunal, and that the burthen or duty affects the public interest, is unquestionable; but whether the towns are not exempted from indictment, or whether an indictment would ever lay against a town for not building a bridge, is to be learnt from the various statutes on this subject, comparing their provisions with those of the common law.
In the first statute in relation to highways, passed in 1797, no provision was made for building bridges. Bridges were considered as part of the highways, and if out of repair, the towns werte liable to be fined, if any special damages accrued to individuals, from the insufficiency or want of repair of the public bridges or highways.
•In November, 1806, an act was passed in relation to bridges.. — ^ Wherever a bridge was wanted, application was to be made to the selectmen by twenty freeholders, by the first of May in each year: If the selectmen refused to build the bridge in six months, application might be made to the county court, who, on the report of a committee, might make an order on the selectmen to build the bridge within such time as they should appoint. The selectmen were authorized to build such bridge, and raise money for that purpose by tax, without vote of the town, and to insure their compliance with the order, they were liable to a fine of five dollars a month for every month’s neglect to build the bridge. As the selectmen had ample and sufficient power for the purpose, this penalty was sufficient to induce them to do their duty, and was sufficient for the purpose. So far the towns were pot liable to an indictment, as the burthen was cast upon their officers, and the subject was out .of their control.
In the statute of 1827, under which the order set forth in this indictment was made, the law on the subject of roads and bridges was wholly altered. The road commissioners were empowered to make the order which had been previously made by the county court, and could assess and collect money sufficient to carry the same into effect. This act expressly declares,'that the towns shall not be liable to indictment. It is to be observed, that under this statute, the orders, decrees, &c. of the commissioners were to be made on the towns, and not on the selectmen ; and the remedy provided was by collecting the fine or assessment to build the bridge, directly from the town. Under this statute, the proceedings had by the road commissioners, against the town of Whitingham, so fa}’ *398 as respects locating and establishing the bridge, and directing how and when it should be made, were complete, but the remedy was not enforced.
In 1831, the act of 1827 was repealed; but in the repealing act, there was a provision that it should not affect any liabilities already incurred. All remedies provided by the act of 1827, were, however, abolished by the repealing act of 1831. The proceedings had in relation to this town on the subject of this bridge, were then in this situation; — there was an order upon the town, made by a competent tribunal, to wit, the road commissioners, valid and subsisting, to comply with which, they were under a legal obligation; but the remedy provided by the statute, and the power of the commissioners in relation thereto, were abolished and taken away by the repealing act. By force of the same statute, their exemption from an indictment, was also abolished and taken away. They were then liable to any proceedings at common law or by stature, to enforce a compliance with the order, or punish their neglect, if they disobeyed the same. But inasmuch as no remedy was provided by the statute, and as a duty was imposed upon the town by an order from a known and competent tribunal, which they were under obligation to perform, a duty of a public nature, for the benefit of the public, a neglect to comply with which was necessarily highly injurious to the public, they are clearly liable to be indicted at common law, if they neglect their duty in this particular by disobeying the order. This was intimated in the case of Royalton vs. Fox, 5 Vt. Rep. 458, though not decided, as it was not a point directly before the court, in that case.
The statute of 1833 makes no provision for cases similar to this, and the statute of 1834, though it makes ample provision for future cases, yet can have no effect on this indictment, which was then pending; and further, it may be questioned whether the common law remedy is in any way affected by that statute, which only provides another remedy.
The opinion of the court is, that the indictment is sufficient, and judgment must be rendered, thereon.